## CAMP et al. v. MILLER, Alien Property Custodian.

(Circuit Court of Appeals, Fifth Circuit. January 30, 1923.)

No. 3901.

War ⬯12—Note payable to alien enemy must be paid to Custodian, and claim made by debtor on supplemental agreement.

Under the express terms of Trading with the Enemy Act, § 7 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½d), persons indebted to an alien enemy on a note are required to pay the amount due on the note to the Alien Property Custodian, notwithstanding their claim of a separate agreement that the note was to be paid in German marks; their remedy on the supplemental agreement being by the proceeding authorized by section 9 of that act (section 3115½e) for the enforcement of a claim against an alien enemy, whose property is in the hands of the Custodian.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Action at law by Thomas W. Miller, as Alien Property Custodian, against Clarence Camp and others, to compel payment of a note due from defendants to an alien enemy. Judgment for the Custodian (280 Fed. 520), and defendants bring error. Affirmed.

R. L. Anderson, of Ocala, Fla., for plaintiffs in error.

Dean Hill Stanley, Sp. Asst. Atty. Gen., William M. Gober, U. S. Atty., of Tampa, Fla., and Maynard Ramsey and Damon G. Yerkes, Asst. U. S. Attys., both of Jacksonville, Fla. (Adna R. Johnson, Jr., Sp. Asst. Atty. Gen., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. The Alien Property Custodian filed a petition in the District Court, alleging that on February 22, 1918, the plaintiffs in error, in compliance with section 7 (c) of the Trading with the Enemy Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½d), reported to the Alien Property Custodian that they were indebted to Schilmann & Bene upon notes and upon open account; that on June 11, 1918, the Alien Property Custodian, after investigation, determined that Schilmann & Bene were enemies within the meaning of the Trading with the Enemy Act, and demanded the payment to him of the amount due by plaintiffs in error to the said Schilmann & Bene; and that plaintiffs in error paid all of such indebtedness as demanded, except the amount of $15,000 and interest, represented by one of the notes, which was then in petitioner's custody, dated April 1, 1915, and payable December 31, 1916.

The district judge issued a rule nisi against plaintiffs in error, commanding them to pay the sum of $15,000 and accrued interest to the Alien Property Custodian, or to show cause.

Plaintiffs in error answered admitting the facts stated in the petition, but alleged by way of defense that by agreement with Schilmann & Bene the note in question was to be paid off in German marks.

Upon motion of the Alien Property Custodian the court made the rule theretofore issued absolute, and entered judgment against plaintiffs in error for the principal of the note and accrued interest.

The Trading with the Enemy Act, 40 Stat. L. 411, as amended, provides in section 7, among other things, that any person who is indebted to an enemy shall report that fact to the Alien Property Custodian; that any money owing to an enemy, which the President after investigation shall determine is so owing, shall be paid over to the Alien Property Custodian; that no person shall be held liable in any court for anything done or omitted in pursuance of any order, rule, or regulation made by the President under the authority of the act; that any payment of money to the Alien Property Custodian shall be a full acquittance and discharge of the obligation of the person making it.

Section 9 of the act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½e) contains provisions to the effect that any person, not an enemy or ally of any enemy, claiming an interest in money paid to the Alien

Property Custodian, may file notice of his claim; that the President, upon application, may order a return of the money to the claimant; that the claimant may sue in the District Court for the district in which he resides to establish any interest he may have; and that, in the event of suit, money or other property claimed shall be retained by the Alien Property Custodian or in the treasury of the United States until final judgment.

Under the very terms of the statute, the Alien Property Custodian was entitled to require plaintiffs in error to pay to him the amount demanded; and it was the duty of plaintiffs in error to make the payment in compliance with the demand made upon them. Relief from an unjust claim and opportunity to assert and maintain a claim or right to money or other property paid or delivered to the Alien Property Custodian are provided and made available by section 9 of the act. A judgment enforcing a demand cannot be pleaded or used in any subsequent proceeding to defeat a claim. Plaintiffs in error would clearly be claimants within the meaning of the act.

Every feature of the act here under consideration has been construed and upheld by the Supreme Court. Central Union Trust Co. v. Garvan, 254 U. S. 554, 41 Sup. Ct. 214, 65 L. Ed. 403; Stoehr v. Wallace, 255 U. S. 239, 41 Sup. Ct. 293, 65 L. Ed. 604; Simon v. American Exchange Bank, 43 Sup. Ct. 165, 67 L. Ed. —— (decided in December, 1922). See, also, American Exchange Bank v. Garvan (C. C. A.) 273 Fed. 43; Columbia Brewing Co. v. Miller (C. C. A.) 281 Fed. 289; In re Miller (C. C. A.) 281 Fed. 764.

The conclusion is that the judgment should be, and it is, affirmed.